## Faulder *v.* Emanuel.

*Rescission of fraudulent contract of husband—Assumption of same by wife—Question for jury.*

Where there was evidence which, if believed, established a sale of furniture induced by false pretense, a prompt rescission of the sale by the vendor, a demand made by him for return of the goods at the residence of the vendee and his wife, when and where the wife promised to pay for the same if vendor would leave them; *Held,* in a suit against the wife to recover the price of the furniture that there was sufficient evidence to warrant submission of defendant's liability to the jury.

Argued April 30, 1900. Appeal, No. 142, April T., 1900, by defendant, in a suit of I. T. Faulder against Mary Emanuel,

from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1897, No. 904, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Assumpsit. Before COLLIER, J.

The facts sufficiently appear in the opinion of the court.

Defendant submitted the following point:

Under all the evidence in this case the verdict of the jury should be for the defendant. *Answer:* Refused and bill sealed for defendant.

Verdict and judgment for plaintiff for $328.65. Defendant appealed.

*Error assigned* was refusal of defendant's point, reciting same.

*Geo. H. Quaill,* for appellant.—No principle is better settled than that a party cannot rescind a contract and at the same time retain possession of the consideration in whole or in part which he has received under it: 1 Benjamin on Sales, sec. 606; Leaming v. Wise, 73 Pa. 173; Bassett v. Bram, 105 Mass. 551.

A party who seeks to recover back the consideration paid for a forged instrument, must, before suit, offer to return the note to the defendant, unless he waives the right: Roth v. Crissy, 30 Penn. 145.

*T. L. Gartner,* for appellee.—It is a well settled principle of law in Pennsylvania, " that a vendor may intend to part with his property as on sale, and still may pursue and recover it on the ground that the assent was obtained by fraud. The effect of fraud is to destroy a contract, come in what shape it may:" Harner v. Fisher, 58 Pa. 453.

Insolvency of the purchaser of goods and his knowledge of it, coupled with a representation of solvency which induced the seller to part with the possession of his property, will enable the latter to rescind the sale and recover possession of the goods: Cincinnati Cooperage Co. v. Gaul, 170 Pa. 545; Claster Bros. v. Katz, 6 Pa. Superior Ct. 487.

If a rescission of sale took place at all it occurred prior to

the payment of the $25.00, which amount appellee contends was paid on account of the new agreement.

Again appellant overlooks the fact, that this proceeding is against Mary Emanuel. She gave no note to Faulder, and consequently has no note outstanding against herself to demand a tender.

In so far as renewal note of John Emanuel is concerned, she is no party to the same, is not concerned therein, and has no standing to insist that renewal note be returned to John Emanuel before she can be called upon to live up to her contract with Faulder : Dorman v. Shiffer, 2 Lack. Jur. 350.

If this proceeding were against John Emanuel, then the question of return of note would arise.

If the thing, the consideration of which is sought to be recovered back, be entirely worthless, there is no duty to return it. After verdict if it appear, that a recovery at once ought to be made, the court can restrain execution until it be made : Nichols v. Michaels, 23 N. Y. 264 ; Babcock v. Case, 61 Pa. 427 ; Wiswall v. Harriman, 62 N. H. 671.

OPINION BY W. D. PORTER, J., May 24, 1900 :

The only specification of error in this appeal relies upon the refusal of the court below to give binding instructions in favor of the defendant. Was there sufficient evidence to warrant the submission to the jury of the facts upon which plaintiff's right to recover depended ? The plaintiff testifed that John Emanuel, the husband of defendant, came to his, plaintiff's place of business and represented that he was Mr. Emanuel, of the firm of Schulze & Emanuel, which was at that time a reliable business firm of the city of Allegheny, and that he, Emanuel, owned property in Bellevue, " one of the finest properties in Bellevue, and every cent paid for." Upon the faith of these representations the plaintiff sold to Emanuel several pieces of fine furniture and accepted his note at thirty days for the amount thereof. This note was not paid at maturity, and when plaintiff asked Emanuel with regard to it, the latter explained that he had forgotten it, but that he would give another note which would be attended to. A new note was given and when the plaintiff took this note to the bank he first discovered that Emanuel was not the Mr. Emanuel of the firm of Schulze &

Emanuel. He then went to the courthouse and discovered that the title to the property in Bellevue was not in Emanuel, but was owned by his wife. Plaintiff explicitly testified that he believed *the representations of Emanuel at the time the sale was made, and made the sale upon the faith of them, and that he did not discover the fraud until he took the note to the bank. Plaintiff further testified that, upon discovery of the fraud, he took his furniture wagon and went to the house of Emanuel, in Bellevue, to get the goods. He there found John Emanuel and Mary Emanuel, his wife, when the following occurred : " Q. Just tell the court and jury what demand you made upon him? A. I told him, 'You got that furniture by fraud, and that I was going to take the goods as you are not willing to pay for it.' And he got very angry and got very snappy and wanted to fight, and Mrs. Emanuel stood by him and says, ' That furniture can't go out of this house ; it is in this house and I will take it and I will pay for it.' I says, 'If you take that furniture I will rescind the sale to him and you pay for it, it is all right, I will leave it,' and I left it with that understanding. Q. You say that you told her you rescinded the sale? A. Yes, sir. Q. Had you told that to Mr. Emanuel? A. He was present at the time. Q. And she agreed she would take the furniture herself? A. And pay for it. Q. Well, did you leave the furniture with her? A. I did."

Here was positive testimony that John Emanuel had fraudulently obtained these goods, through false representations, fitted and intended to deceive, and that the plaintiff had been deceived thereby and so induced to part with the possession of his goods. If the jury believed this testimony, the plaintiff had a right to rescind the sale and reclaim his goods. The jury would have been justified in finding, under the testimony, that plaintiff acted with promptness and declared a rescission of the contract and announced his intention of removing the goods ; and that, thereupon, the defendant recognized the rescission and then and there agreed to purchase the goods herself, and that the plaintiff sold them to her directly ; and, finally, that John Emanuel, who was then present, acquiesced in the rescission of the sale originally made to him. There is no merit in the contention of the defendant that she cannot be called upon to pay because the worthless note of John Emanuel had not

been returned to him; she had no right to demand the return of that note. John Emanuel, having been present at the resale of the goods to his wife, and having acquiesced therein, might very properly have been found by the jury to have waived his right to a return of the note prior to the rescission of the contract. The case was for the jury and was submitted by the learned court below with instructions which were correct and adequate.

Judgment affirmed.